

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 Church Street
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**JOHN MCLAUGHLIN**
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

July 21, 2025

**BY ECF**
Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:     Charles Maxwell v. Rikers Island, et al.,
>          25 Civ. 4016 (RA)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing the City of New York in the above referenced matter. Pursuant to the Court's May 21, 2025 Order, (ECF No. 7) I write on behalf of the City to respectfully provide the names and shield numbers of the five John Doe correction officers who escorted Plaintiff from the medical unit back to Otis Bantum Correctional Center on April 4, 2025 between approximately 11:00 a.m. and 12:00 p.m.

      The City has identified the following individuals from the Department of Correction ("DOC") as the Doe officers that Plaintiff seeks to sue:

- Keown King (Shield No. 5101)
- David Carr (Shield No. 3250)
- Terrance Bristow (Shield No. 5505)
- Tarik Hawkins (Shield No. 7079)
- Taina Hernandez (Shield No. 18593)

      The undersigned further notes that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants rather than by personal service at a DOC facility, as all four officers are current DOC employees.

Additionally, in the course of reviewing this matter, the City has learned that there is an ongoing DOC use of force investigation into the underlying incident alleged in the Complaint. While the City is not requesting a stay at this time, we respectfully note for the Court that we may need to request a stay once plaintiff amends his complaint, as best practices dictate that this Office should not speak to any of the officers who are the subjects of the investigation while it remains open. This limitation restricts the amount of information available to the defense and hinders the defense's ability to fully participate in discovery. Furthermore, the records gathered pursuant to the investigation are not available to defendants until the investigation is closed. If this Office assumes representation of the individual defendants before the proceedings are complete, but it later becomes apparent that any were ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be conflicted off of the case.

The City thanks the Court for its time and consideration herein.

Respectfully Submitted,

*John McLaughlin /s/*

John McLaughlin
Attorney for Defendant City
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc:     **VIA FIRST CLASS MAIL**
Charles Maxwell
4412400965
Robert N. Davoren Center
11-11 Hazen St.
East Elmhurst, NY 11370
*Plaintiff Pro Se*