25 Civ. 4016 (RA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES MAXWELL,

                                          Plaintiff,

                -against-

CITY OF NEW YORK; KEOWN KING, SHIELD NO. 5101; DAVID CARR, SHIELD NO. 3250; TERRANCE BRISTOW, SHIELD NO. 5505; TARIK HAWKINS, SHIELD NO. 7079; TAINA HERNANDEZ, SHIELD NO. 18593,

                                          Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: John McLaughlin*
*Tel: (212) 356-2670*
*Matter No.: 2025-039242*

**PRELIMINARY STATEMENT**

*Pro se* Plaintiff Charles Maxwell brings this action pursuant to 42 U.S.C. § 1983, alleging that on April 4, 2025, unnamed correction officers at the Otis Bantum Correctional Center ("OBCC") subjected him to excessive force, denied him medical care, and engaged in retaliatory conduct. The gravamen of Plaintiff's Amended Complaint consists of allegations describing a single incident of purported officer misconduct—allegations that, even when liberally construed, fail to establish the requisite nexus to any municipal policy, custom, or practice necessary to sustain a claim against the City of New York.

The Amended Complaint's fundamental deficiency lies in its failure to transcend the realm of isolated misconduct. Plaintiff presents no allegations identifying: (i) any formal directive or policy of the Department of Correction authorizing the alleged constitutional violations; (ii) evidence of a persistent and widespread pattern of similar unconstitutional conduct; (iii) involvement or ratification by any municipal policymaker with final decision-making authority; or (iv) a failure to train or supervise so obvious and deficient as to constitute deliberate indifference to constitutional rights. Absent such allegations, Plaintiff's claims amount to nothing more than an impermissible attempt to impose *respondeat superior* liability upon the municipality—a theory expressly foreclosed by *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

Moreover, to the extent Plaintiff's submissions could be construed as asserting state law tort claims, such claims are procedurally barred by his failure to plead compliance with the notice-of-claim requirements mandated by New York General Municipal Law §§ 50-e and 50-i. The City of New York therefore respectfully submits that the Amended Complaint fails to satisfy the plausibility standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

On April 4, 2025, between 11:00 a.m. and 12:00 p.m., Plaintiff was returning from a medical clinic visit at OBCC. (ECF No. 13, Am. Compl. at 2–3). Plaintiff alleges that after passing two unidentified officers, one made a "negative comment" to which he responded "for what reason did you had to say that to me." (*Id.*). This exchange allegedly prompted another officer to approach him "as if . . . to fight," causing multiple officers to surround him. (*Id.*). Plaintiff claims he was then pepper-sprayed "for no reason" from the side, while two officers grabbed his legs, causing him to fall. (*Id.* at 3-4).

Following the incident, Plaintiff wrists swelled from overly tight handcuffs, he sustained facial injuries including a missing tooth. (*Id.* at 3). He asserts that medical staff tried to convince him "to refuse medical injury in favor of correction staff members." (*Id.* at 4).

The Amended Complaint never identifies (i) a formal DOC directive authorizing the alleged abuses, (ii) a pattern of similar incidents affecting other detainees, (iii) a policymaker's involvement, or (iv) a failure-to-train so obvious that deliberate indifference can be inferred. Because the Amended Complaint offers only legal conclusions and isolated events, it fails the plausibility standard, as is required for pleadings. Moreover, to the extent Plaintiff intends state-law tort claims, he omits the mandatory notice-of-claim allegations required by N.Y. Gen. Mun. Law §§ 50-e, 50-i.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

2

This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While at the motion to dismiss stage the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor, *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007), this "tenet is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," and must tender more than mere "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

While courts must construe *pro se* pleadings liberally and interpret them as raising the strongest arguments they suggest, even *pro se* plaintiffs must establish that the complaint states a plausible claim for relief. *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (courts are "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions[.]") (internal quotation marks omitted).

## ARGUMENT

### POINT I

### THE AMENDED COMPLAINT FAILS TO ALLEGE ANY BASIS FOR MUNICIPAL LIABILITY

Plaintiff's claims against the City of New York fail as a matter of law because the Amended Complaint is devoid of any allegations that would support municipal liability under 42 U.S.C. § 1983. It is axiomatic that "a municipality may not be held liable under § 1983 for an employee's misconduct under a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, municipal liability attaches only where a plaintiff establishes "(1) an official policy or custom that (2) cause[d] the plaintiff to be subjected to (3) denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (internal citations omitted).

The Supreme Court has made clear that such liability must arise from "the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694. Courts in this Circuit have recognized four avenues through which a plaintiff may establish such a policy or custom:

> (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised deliberate indifference to the rights of the plaintiff and others encountering those subordinates.

*Roundtree v. City of New York*, 15 Civ. 8198 (WHP), 2018 U.S. Dist. LEXIS 51919, at *13 (S.D.N.Y. Mar. 28, 2018) (quoting *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016)).

4

Plaintiff's Amended Complaint is entirely lacking of allegations satisfying any of these criteria. The Amended Complaint describes a single incident involving officers at one facility on one date. Plaintiff identifies no formal DOC policy authorizing excessive force or denial of medical care, points to no decisions by policymakers that caused his injuries, alleges no pattern of similar incidents affecting other inmates, and articulates no failure-to-train theory that might implicate deliberate indifference by City policymakers.

The Second Circuit has repeatedly emphasized that "the mere assertion . . . that a municipality has . . . a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). Here, Plaintiff offers only conclusory assertions without any factual allegations suggesting an institutional policy or widespread practice. Even "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Plaintiff's vague allegation regarding claims that medical staff attempted to dissuade him from filing an injury report (Am. Compl. at 4) are entirely conclusory and unsupported by any factual allegations suggesting a department-wide policy or custom. The Amended Complaint fails to allege that any policymaker directed, knew of, or ratified such conduct. Without allegations connecting these purported actions to an official policy, custom, or policymaker's deliberate indifference, these assertions cannot support municipal liability. *See Saleh v. City of New York*, 2007 U.S. Dist. LEXIS 92193, at *28-30 (S.D.N.Y. Dec. 17, 2007). By Plaintiff's own admission, he elected to receive medical treatment, was taken to medical,

5

photographed, and examined, and requested "to continue to be seen" for follow-ups. (Am. Compl. at 4). These facts are incompatible with an institutional cover-up policy.

Even liberally construed, Plaintiff's Amended Complaint consists primarily of legal conclusions and "naked assertions" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555. The Amended Complaint fails to identify the specific involvement of each officer or connect any individual misconduct to a municipal policy or custom. Courts routinely dismiss claims against municipalities where, as here, a plaintiff "makes no allegations whatsoever regarding the City and does not allege any institutional policy or practice to bolster his claims." *Handy v. City of New York*, 2021 U.S. Dist. LEXIS 189124, at *18 (S.D.N.Y. Aug. 27, 2021).

## POINT II

**ANY POTENTIAL STATE LAW CLAIMS ARE BARRED BY FAILURE TO COMPLY WITH NOTICE REQUIREMENTS**

To the extent the Amended Complaint could be construed as asserting state law tort claims, such claims must be dismissed for failure to plead compliance with New York General Municipal Law §§ 50-e and 50-i. Compliance with these notice-of-claim provisions is a condition precedent to bringing tort claims against New York municipalities. *Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). Plaintiff's failure to allege such compliance provides an independent basis for dismissal.

**CONCLUSION**

For the reasons set forth herein, defendant City of New York respectfully requests that the Court grant its motion to dismiss all claims against it with prejudice, together with such other and further relief as the Court deems just and proper.[1]

Dated:     New York, NY
              August 21, 2025

                          MURIEL GOODE-TRUFANT
                          Corporation Counsel of the City of New York
                          *Attorney for Defendant City of New York*
                          100 Church Street
                          New York, New York 10007
                          (212) 356-2670

                          By: /s/ *John McLaughlin*
                              John McLaughlin
                              *Assistant Corporation Counsel*
                              Special Federal Litigation

Cc:     **VIA CERTIFIED MAIL**
       Charles Maxwell
       4412400965
       Robert N. Davoren Center
       11-11 Hazen St.
       East Elmhurst, NY 11370
       *Plaintiff Pro Se*

---

[1] In accordance with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 1,853. I have relied on the word count function of Microsoft Word to prepare this certification.