

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small><br>**LAW DEPARTMENT**<br>100 Church Street<br>NEW YORK, NY 10007 | **JOHN MCLAUGHLIN**<br>Phone: (212) 356-2670<br>Fax: (212) 356-3509<br>jmclaugh@law.nyc.gov<br>*Assistant Corporation Counsel* |

September 15, 2025

**BY ECF**
Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>Charles Maxwell v. City of New York, et al.</u>,
              25 Civ. 4016 (RA)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing defendant City of New York in the above-referenced matter. Defendant City writes to respectfully request that the Court stay this action in its entirety based upon two independent grounds: first, the ongoing investigation by the New York City Department of Correction ("DOC") concerning the use of force incident underlying plaintiff's claims; and second, the military leave status of defendant Correction Officer ("CO") David Carr.

      By way of background, plaintiff Charles Maxwell initiated this action pursuant to 42 U.S.C. § 1983, alleging constitutional violations arising from an incident at Otis Bantum Correctional Center ("OBCC") on Rikers Island on April 4, 2024. On September 10, 2025, DOC was unable to waive service of the summons and complaint for defendant CO David Carr, citing that he is currently on military leave with no return date available. (ECF No. 18). Due to both the ongoing investigation and CO Carr's military status, defendant City's ability to mount an effective defense and this Office's ability to determine whether it can represent the individual defendants are materially impaired.

**The Ongoing DOC Investigation Necessitates a Stay**

      As of September 15, 2025, DOC has confirmed that its investigation into the use of force incident underlying plaintiff's cause of action remains ongoing and unresolved. As long as the investigation remains open, this Office must refrain from speaking with any officers who are the subjects of that investigation. Premature contact with these officers could create conflicts of interest that would disqualify this Office from representing any or all of the individual defendants

pursuant to its obligations under New York General Municipal Law § 50-k. *See also Mercurio v. City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985); *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

This Office cannot properly evaluate whether it can undertake representation of the individual defendants without first understanding the facts underlying the investigation. Speaking with officers who are subjects of the investigation before making a representation determination could reveal information that creates insurmountable conflicts between the City's interests and those of the individual officers, potentially requiring this Office to withdraw from representing parties it might otherwise defend. Such withdrawal would prejudice all defendants and unnecessarily complicate this litigation.

Moreover, this restriction limits the information available to the City, impeding its ability to effectively participate in discovery and meet its obligations under Rule 11 of the Federal Rules of Civil Procedure in defending this action. The records compiled as part of the investigation are not available until the DOC concludes its investigation. The inability to access witnesses and documents fundamentally compromises defendants' capacity to assess potential defenses, evaluate settlement prospects, and make informed litigation decisions. These restrictions are not merely administrative inconveniences but constitute substantive barriers to the fair adjudication of this matter.

### Defendant Carr's Military Service Mandates Application of the Servicemembers Civil Relief Act

Defendant CO David Carr's military leave status triggers mandatory stay provisions under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3931. According to DOC records provided in the waiver of service filing, CO Carr is currently on military leave with no specified return date. (ECF No. 18). His absence renders him unavailable for consultation, deposition, or trial participation.

The SCRA provides that a stay shall be granted either upon application of counsel, or upon the Court's own motion, if the Court determines that "there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists." 50 U.S.C. § 3931(c)(1)-(2).

Both statutory predicates are satisfied here. CO Carr's active military duty materially affects his ability to conduct a defense in this case. This Office has been unable to contact CO Carr through the DOC, his department phone and email, or any other available means. Because this Office cannot contact CO Carr, it cannot determine if CO Carr qualifies for representation by this Office or investigate the facts underlying plaintiff's claims against CO Carr to determine if a meritorious defense exists.

The Supreme Court has mandated liberal construction of the SCRA, instructing courts to read the statute "with an eye friendly to those who dropped their affairs to answer their

country's call." *Le Maistre v. Leffers*, 333 U.S. 1, 6 (1948). This Circuit has consistently applied this principle to stay proceedings where servicemembers cannot participate in their defense. *See Kee v. Hasty*, 01 Civ. 2123 (KMW)(DF), 2004 U.S. Dist. LEXIS 6385, at *19 (S.D.N.Y. Apr. 14, 2004) (granting stay for military servicemember who had not yet appeared in action).

For the foregoing reasons, defendant City respectfully requests that the Court grant a stay of this matter in its entirety, until thirty (30) days after the later of: the resolution of the ongoing DOC investigation, or CO Carr's return from military leave. In the event that the Court agrees and grants a stay, the City proposes to submit a brief status letter every forty-five (45) days advising the Court of (a) the status of the DOC investigation; (b) any change in CO Carr's military-leave status and availability; and (c) whether the grounds for the stay continue to exist. In the alternative, should the Court decline to grant a comprehensive stay, defendant City respectfully requests the Court grant a minimum stay of ninety (90) days as mandated by the SCRA, with leave to renew based on the status of the DOC investigation.

The City thanks the Court for its time and consideration of this request.

Respectfully Submitted,

*John McLaughlin* /s/

John McLaughlin
Attorney for Defendant City
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc:   **VIA FIRST CLASS MAIL**
      Charles Maxwell
      441-24-00965
      Rikers Island
      11-11 Hazen St.
      East Elmhurst, NY 11370
      *Plaintiff Pro Se*