UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES MAXWELL,

                Plaintiff,

  -against-

CITY OF NEW YORK, et al.,

                Defendants.

25-CV-4016 (RA) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

The Court has reviewed the City's motion for a stay of proceedings due to an ongoing investigation by the New York City Department of Correction into the circumstances underlying this matter and pursuant to the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3932, in connection with Defendant Correction Officer David Carr's military leave. (*See* ECF 23.) Under the SCRA, "a servicemember who is in military service and has received notice of the action may apply for a stay of at least ninety days." *Torres v. City of New York*, No. 19-CV-6332 (ER), 2021 WL 4991328, at *1 (S.D.N.Y. Oct. 27, 2021) (citing 50 U.S.C. § 3932(b)). The application must include:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear[, and] (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. § 3932(b)(2). Upon such a showing, a stay is "mandatory." *Grant v. Nat'l Bd. of Med. Examiners*, No. 07-CV-0996, 2009 WL 1457698, at *9 (N.D.N.Y. May 22, 2009); *see* 50 U.S.C.

§ 3932(b)(1) (providing that the Court "shall, upon application by the servicemember, stay the action"). "[C]ourts have held that the provisions of the SCRA are to be liberally construed and applied in a broad spirit of gratitude towards service personnel." *Galgano v. County of Putnam*, No. 16-CV-3572, 2016 WL 11701301, at *1 (S.D.N.Y. Nov. 15, 2016).

Here, the City's application with respect to a stay based on the SCRA does not fulfill the requirements of the SCRA, in that the waiver of service of summons unexecuted (ECF 18) merely states that Carr is on "Military Leave/No return date available." (*Id.*) Thus, the application fails to indicate when Carr will be able to appear. Nor does the application include a letter from Carr's commanding officer stating that Carr's military duty prevents Carr's appearance in this case.

I held a status conference on September 25, 2025, at which time Plaintiff stated that he did not object to a stay while Carr is on military leave. In light of Plaintiff's lack of objection to a stay, and in the interest of liberally construing the provisions of the SCRA to show gratitude for military service, the motion to stay pursuant to the SCRA is GRANTED, and the action is STAYED until **January 5, 2026**. Because I am granting a stay under the SCRA, I do not at this time address the request for a stay based on an ongoing investigation.

The City shall provide the Court with an update on Carr's status within **14 days** of his return from military service, or, if he has not returned from military service by **December 22, 2025**, by that date. The Clerk of Court is respectfully requested to stay the case.

Plaintiff is reminded that if his address changes, he should let the Court and/or counsel for the City know of the change.

DATED: September 25, 2025
         New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge